IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEAN D. WEATHERLY, on behalf of themselves and all other similarly situated individuals, PATRICIA JO MEYER, on behalf of themselves and all other similarly situated individuals, and DAVE HERNANDEZ,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MICHAEL FOODS, INC., M.G. WALDBAUM COMPANY, and ADVANCE SERVICES, INC.,<br><br>　　　　　　Defendants. | 8:08CV153<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on defendants' Motion to Dismiss or for Summary Judgment and Motion to Strike ("June 16th Motion"), Filing No. 23, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and defendants' Motion to Dismiss Plaintiffs' State Law Class Action Claims and Federal Labor Standards Act ("FLSA") Claim of Patricia Jo Meyer ("Motion to Dismiss"), Filing No. 38, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs are allegedly employees at the Bloomfield and/or Wakefield egg processing facilities, and are allegedly paid by defendants Michael Foods, Inc. and/or M.G. Waldbaum Company and/or Advance Services, Inc.  Defendant Michael Foods, Inc. ("Michael Foods") is a corporate entity with headquarters in Minnesota.  Defendant M.G. Waldbaum Company ("Waldbaum") is a wholly owned subsidiary of Michael Foods with headquarters in Minnesota.  Defendant

Advance Services, Inc. ("Advance") is a corporate entity incorporated under the laws of Nebraska.

Defendants' June 16th Motion prays this court to dismiss several of the plaintiffs' claims, or in the alternative, grant the defendants partial summary judgment. After the defendants filed their June 16th Motion, the plaintiffs filed a First Amended Class and Collective Action Complaint ("Amended Complaint") (Filing No. 29). Consequently, the June 16th Motion is now moot.[1] The court notes that the instant order does not preclude the defendants from later filing a renewed motion for partial summary judgment. However, at this time, the court reviews only the challenges defendants raise in the Motion to Dismiss, Filing No. 38, filed in response to the plaintiffs' Amended Complaint.

Defendants' Motion to Dismiss prays that this court dismiss several causes of action within the plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). After a review of the record, the court finds that defendants' Motion to Dismiss is granted in part and denied in part.

## PROCEDURAL BACKGROUND

On April 9, 2008, plaintiffs Jean Weatherly ("Weatherly") and Patricia Jo Meyer ("Meyer") filed a collective action complaint alleging violation under FLSA, 29 U.S.C. § 201 *et seq.,* Filing No. 1. On April 22, 2008, plaintiffs added a third plaintiff, David Hernandez

---

[1]The defendants responded to plaintiffs' Amended Complaint with an entirely new motion to dismiss. It is unclear which portions, if any, of the initial motion to dismiss defendants wanted reasserted in their second motion to dismiss. Footnote three, page 4, Filing No. 39, seems to indicate that defendants wanted to include some part of the initial motion in the current motion. However, defendants did not make it clear to the court what should be included in the motion to dismiss the Amended Complaint that related to the initial motion to dismiss. To add to this confusion, plaintiff did not respond to the initial motion to dismiss but instead filed an Amended Complaint. Thus, plaintiffs did not brief any of the arguments made in the initial motion to dismiss. Accordingly, the court finds that the June 16th Motion, Filing No. 23, is now moot.

2

("Hernandez"). Notice of Filing Consent Forms, Filing No. 6. On July 23, 2008, plaintiffs filed the Amended Complaint under consideration herein. Filing No. 29.

Plaintiffs bring this collective lawsuit "on behalf of themselves and similarly situated employees . . . pursuant to 29 U.S.C. §216(b) and [a] class action [lawsuit] pursuant to Nebraska law, against Defendants Michael Foods, Inc., M.G. Waldbaum Company and Advance Services, Inc., seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201-1209, and the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228-1232 at Defendants' Bloomfield and Wakefield, Nebraska plants." Amended Complaint at 1, Filing No. 29. Plaintiffs allege they are entitled to compensation from the defendants for the time they spent "donning and doffing" certain required clothing and gear before and after their shifts and for performing certain pre and post shift required exercises while working at the defendants' facilities. Amended Complaint ¶¶ 24-31, Filing No. 29. Additionally, plaintiffs request an order certifying the two state law claims as class actions. Amended Complaint ¶ 65, Filing No. 29.

On August 8, 2008, defendants filed the Motion to Dismiss under consideration herein. Filing No. 38. Defendants move to dismiss: "1) Plaintiffs' state law class action claims, and 2) the FLSA claim of Plaintiff Patricia Jo Meyer." Motion to Dismiss at 1.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require that this "statement" constitutes a "'showing,' rather than a

3

blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1965 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (2007) (*quoting Bell Atlantic Corp.*, 550 U.S. at —, 127 S. Ct. at 1964). However, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* 550 U.S. —, 127 S. Ct. at 1965.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Yet when ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true." *Id.*

Thus, the court must find "enough facts to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id.* When the allegations in a complaint, even when assumed to be true, cannot raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 1965-66.

## DISCUSSION

### 1. Meyer's FLSA Claim

After careful review of the record and applicable law, this court finds that plaintiff Meyer's FLSA claim is barred by the statute of limitations. Consequently, her FLSA claim is dismissed. In their Amended Complaint, plaintiffs allege the following facts:

> Plaintiff Patricia Jo Meyer is an individual residing at 302 Sherman Avenue, Winnetoon, Nebraska 68789 (Knox County). During the relevant time period after July 22, 2004, Ms. Meyer was employed by Defendants at their Wakefield, Nebraska egg processing facility, was paid an hourly wage, and was not exempt from FLSA coverage. She was directly paid by Defendants Michael Foods, Inc. and/or M.G. Waldbaum Company.

Amended Complaint ¶ 4, Filing No. 29. The court finds that these factual allegations are not "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.* 550 U.S. —, 127 S. Ct. at 1965.

Defendants argue that these facts offered by plaintiff Meyer fail to substantiate a valid FLSA claim because the facts alone do not show that her claim survives the three-year statute of limitations. To timely file a cause of action for unpaid wages under FLSA, a plaintiff must file "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Giving the plaintiff the benefit of assuming that a "willful violation" has occurred,[2] Meyer would have only three years "after the cause of action accrued" to file her lawsuit. Meyer did not file her lawsuit until April 9, 2008. *See* Complaint, Filing No. 1. Consequently, in order to survive defendants' Rule 12(b)(6) motion to dismiss based on the statute of limitations, Meyer must allege facts that support her claim as having accrued on or after April 9, 2005.

Defendants contend that Meyer was not employed on or after April 9, 2005. See Filing No. 24 at 3. Plaintiffs were put on notice of this issue before filing their Amended Complaint. The court can only assume that defendants' contention is correct and the plaintiffs cannot allege Meyer was terminated prior to April 9, 2005.

---

[2] Notably, plaintiff has not plead that this was in fact a willful violation.

5

Plaintiffs fail to allege that Meyer's cause of action arose on or after April 9, 2005. In their Amended Complaint, plaintiffs merely state that Meyer was employed by defendants "[d]uring the relevant time period after July 22, 2004." Amended Complaint ¶ 4, Filing No. 29.  The factual allegation that Meyer worked after July 22, 2004, does not lead to the factual conclusion that Meyer was employed on or after April 9, 2005, which for purposes of FLSA's statute of limitations, is the real "relevant time period."  Even with "the assumption that all the allegations in the complaint are true," plaintiffs' factual allegations are not enough to "raise [Meyer's] right to relief above the speculative level." *Bell Atlantic Corp.* 550 U.S. —, 127 S. Ct. at 1965.

Meyer's FLSA claim is dismissed.

### 2. Meyer's State Law Class Action Claim

Because Meyer's federal claim has been dismissed, this court declines to exercise supplemental jurisdiction over Meyer's state law claims, pursuant to 28 U.S.C. § 1367(c). *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  Accordingly, this court dismisses Meyer's state law claims without prejudice.

### 3. Weatherly and Hernandez's State Law Class Action Claims

The court, after reviewing the record and applicable law, concludes that defendants' motion to dismiss Weatherly and Hernandez's state law class action claims, pursuant to Fed. R. Civ. P. 23, is denied.  Striking a plaintiff's class action allegations prior to discovery and the class certification stage is a rare remedy. *See Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *Rios v. State Farm Fire and Cas. Co.*, 469 F.Supp.2d

727, 740 (S.D. Iowa, 2007) ("Prior to the class certification stage, a defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.") (internal citations omitted)).  This case is not one of those "rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Id.*

Instead, this court finds that a more rigorous analysis of the applicable facts and law is necessary before it considers a dismissal or certification.  See *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977) ("The propriety of class action status can seldom be determined on the basis of the pleadings alone.").  "The District Court must have before it sufficient material . . . to determine the nature of the allegations, and rule on compliance with the Rule's requirements. . . ."  *Id.* (internal quotations omitted).  "[O]rdinarily the determination should be predicated on more information than the pleadings will provide[; consequently,] this court will proceed with discovery and postpone the certification or dismissal of plaintiffs' class action claims until the class certification stage."  *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974).  "[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 570-72 (2d Cir. 1982).

Defendants' motion to dismiss Weatherly and Hernandez's state law class action claims, therefore, is denied, but may be renewed at the class certification stage before Magistrate Judge Thalken.

7

THEREFORE, IT IS ORDERED that:

1. Defendants' Motion to Dismiss or for Summary Judgment and Motion to Strike, Filing No. 23, is moot.

2. Defendants' motion to dismiss plaintiff Meyer's FLSA claim, Filing No. 38, is granted.

3. Defendants' motion to dismiss plaintiff Meyer's state law class action claims pursuant to Fed. R. Civ. P.. 23 and under the Nebraska Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201-1209, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228-1232, Filing No. 38, is granted without prejudice.

4. Defendants' motion to dismiss, Filing No. 38, plaintiffs Weatherly and Hernandez's state law class action claims pursuant to Fed. R. Civ. Pro. 23 and under the Nebraska Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201-1209, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228-1232, is denied.

DATED this 2nd day of December, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge